ADAM WANG, Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 421-3403
Fax: (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiff
OSCAR GILBON

UNITED STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| OSCAR GILBON , individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>STRAITS SANTANA ROW, LLC dba STRAITS SANTANA, CHRISTOPHER YEO, and DOES 1 TO 10<br><br>Defendants | Case No.: C08-3820 JW<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL:**<br>1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). Violation of Labor Code §226.7; 4). "Waiting Time" Penalties under California Labor Code §203; 5). For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203; and 6). Violation of California Labor Code §226. |

Plaintiff, OSCAR GILBON, on his own behalf and on behalf of others similarly situated, alleges as follows:

**NATURE OF CLAIM**

1.    This is a class action on behalf of putative members who had been employed on an hourly rate basis by Defendants STRAITS SANTANA ROW, LLC dba STRAITS SANTANA, CHRISTOPHER YEO, and DOES 1-10(collectively referred to as "STRAITS SANTANA") for some period during the last four years of the filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes. On Plaintiff's own behalf

1                                                                        Case No.

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

and on behalf of other similarly situated individuals who fall within the relevant statutory periods, Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

2. Plaintiff brings this collective action on behalf of himself and other hourly paid employees pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

**PARTIES**

3. At all times relevant herein, Plaintiff GILBON is an individual resident of Santa Clara, California.

4. Individual Defendant STRAITS SANTANA ROW LLC is the owner of the sole proprietorship of business called STRAITS SANTANA, with its primary place of business in San Jose, California.

5. The individual Defendants CHRISTOPHER YEO and DOES 1 to 10, inclusive, according to information and belief, are the owners and officers or mangers of STRAITS SANTANA, having control over the work conditions and situation of Plaintiff and other employees.

6. The individual Defendants CHRISTOPHER YEO and DOES 1 to 10, inclusive are liable for the acts of STRAITS SANTANA ROW, LLC as alter egos. Recognition of privilege of separate existence would be promote injustice because these individual Defendants have in bad faith dominated and controlled STRAITS SANTANA ROW, LLC in such a way that any separateness of form should be disregarded to prevent fraud and injustice. Plaintiff is informed, and believes and thereon alleges that individual Defendants have:

   a. Commingled funds and other assets of STRAITS SANTANA ROW, LLC and

their funds and other assets for their own convenience and to assist the evasion of payment of obligations;

b. Diverted funds and other assets of STRAITS SANTANA ROW, LLC to other uses other than corporate uses;

c. Treated the assets of STRAITS SANTANA ROW, LLC as their own;

d. Failed to obtain authority to issue shares or to subscribe to issue shares of STRAITS SANTANA ROW, LLC;

e. Failed to maintain minutes or adequate corporate records of STRAITS SANTANA ROW, LLC;

f. Failed to adequately capitalize or provide any assets to STRAITS SANTANA ROW, LLC; and

g. Diverted assets from STRAITS SANTANA ROW, LLC to themselves to the detriment of creditors, including Plaintiff and other hourly employees.

## SUBJECT MATTER JURISDICTION AND VENUE

7. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

8. This Court is a proper venue, since all events giving rise to the claims of the named Plaintiff and the putative class members occurred in this district.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedures 23(a) and (b)(3) on behalf of all those who had been employed on hourly rate basis by defendants with respect to the claims alleged herein arising under California Labor Code, and California Business and Professions Code 17200, *et seq.*

10. Plaintiff also brings this action on behalf of such class members pursuant to 29 U.S.C. 216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

11. The members of the purported class or subclass are so numerous that joinder of all members is impractical. According to information and belief, Defendants had employed a fairly large hourly workforce. While the exact number of class or subclass members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least 30 or more members in the proposed class. Members of the class or subclass may be identified from payroll and time records maintained by Defendants, and may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hour class actions.

12. Plaintiff's claims are typical of the claims of the members of the class and subclass as all members of the class and subclass are similarly affected by Defendants' wrongful conduct in violation of federal and state laws governing labor standards that is complained of herein.

13. Plaintiff will fairly and adequately protect the interest of the members of the class and subclass and have retained counsel competent and experience in wage and hour litigation.

14. Common questions of law and fact exist as to all members o the class and predominate over any questions solely affecting individual members of the class. Among these questions of law and fact common to the class and subclass are:

    a. Whether federal and state wage hour laws were violated by Defendants' acts as alleged herein;

    b. Whether Defendants have properly paid all putative class members for the hours that were worked in excess of 8 hours a day, or 40 hours a week

    c. Whether the Defendants are liable for failure to pay the subclass members whose employment terminated during the last three years the overtime wages owed ascertainable at the time of termination of their employment;

    d. To what extent the member of the class and subclass have sustained damages and the proper measure of damages.

15. A class action is superior to all other available methods for the fair and efficient

4    Case No.

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

adjudication of this controversy since joinder of all members is impractical. Furthermore, as the damages suffered by individual class and subclass members may be relatively small, the expense and burden of individual litigation make it impossible for all members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as class action.

## SUBSTANTIVE ALLEGATIONS

16. Plaintiff was employed on an hourly rate by Defendants for some period during the last three years.

17. During the last three years, Plaintiff and other hourly paid employees worked over 8 hours a day and forty fours a week from time to time on regular basis.

18. Plaintiff and such other hourly rate employees were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

19. Despite working in excess of 8 hours a day and 40 hours a week, Plaintiff and other putative class members were not paid required one and one-half of regular rate for overtime hours worked.

20. Within 72 hours of termination of Plaintiff and other hourly rate employees, Defendants willfully failed to pay them wages owed, the amount of which was readily ascertainable at the time of termination.

## COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*

*Labor Code Sections §510*

21. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-20 as if fully stated herein.

22. During last three years, Plaintiff's employment was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

1  hours per day, unless specifically exempted by the law.

2      23.    During his employment with the Defendants, Plaintiff regularly worked in excess of forty hours per week and in excess of eight hours per day. Plaintiff received only straight time, or at some times nothing at all, from Defendants for these overtime hours.

    24.    During last the three years, Defendants knowingly caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week and eight hours per day without paying them one and one half or double of his regular rate of pay.

    25.    By not paying overtime wages in compliance with the state law, Defendants violated Plaintiff's rights under the law, specifically California Labor Code Section 1194.

    26.    As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders, Plaintiff incurred general damages in the form of lost overtime compensation in amounts to be proven at trial.

    27.    Defendants had been aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff and other hourly employees the overtime compensation due to them at the time their employment ended.

    28.    Plaintiff was required to retain an attorney for the purpose of bringing this action and is entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT TWO

*Violation of the Fair Labor Standards Act*

*29 U.S.C.§201, et seq.*

    29.    Plaintiff re-alleges and incorporates the allegations of paragraphs 1-28 as if fully stated herein.

    30.    At all relevant times herein, Plaintiff's and other hourly rate employees' employments were subject to the provisions of the Fair Labor Standards Act of 1938, as

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

amended ("FLSA"), 29 U.S.C. Section 201, *et seq*.

31. 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

32. Although Plaintiff and other hourly rate employees were not so exempt during their employment with Defendants, and although Defendants had been fully aware of both the hours worked and the duties assigned to the Plaintiff and other hourly rate employees, Defendants knowingly caused, suffered, and permitted Plaintiff and other hourly rate employees to regularly work in excess of forty hours per week without paying them one and one half of their regular rate of pay.

33. By not paying overtime wages in compliance with FLSA, Defendants violated the rights of Plaintiff and other hourly rate employees under FLSA.

34. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and other hourly rate employees incurred general damages in the form of lost overtime wages.

35. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff and other hourly rate employees their proper pay, and thus Defendants are liable to Plaintiff and other hourly rate employees for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b).

36. Plaintiff was required to retain an attorney for bringing this action and is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

## COUNT THREE

*Failure to Provide Meal Periods*

*California Labor Code § 226.7*

37. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-36 as if fully restated hereinafter.

38. At all relevant times herein, Plaintiff's and other hourly employees' employments with Defendants were subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

39. During Plaintiff's employment with Defendants, Plaintiff and other hourly employees worked at least 5 hours a day, and was not provided meal period as required by law.

40. For each time that Plaintiff and other hourly employees were not provided the required meal period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

41. Plaintiff and other hourly employees are therefore entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendants failed to provide.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code Sec. 203*

42. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-41 as if fully stated herein.

43. Within 72 hours of the termination of Plaintiff's and other hourly employees' employments, Defendants failed to pay them the wages owed ascertainable at the time of

8                                                                                  Case No.

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

termination

44. Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

45. As of this date these wages have not been paid to Plaintiff or other hourly employees, thus making Defendants liable to them for penalties equal to 30 days wages in amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT FIVE

*For Restitution of Unpaid Overtime Wages
in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

46. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-45 as if fully stated herein.

47. At all times relevant herein, the employment with Defendants was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission as well as FLSA, all of which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. California law also requires premium pay for missed meal periods.

48. During the last three years, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*), but failed to pay the Plaintiff overtime pay and premium pay for missed meal periods as required by FLSA, California Labor Code and applicable Wage Orders.

49. During the last three years, Defendants kept to themselves the unpaid overtime and meal period premiums which should have been paid to the Plaintiff and other hourly employees.

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

50.     By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

51.     As a direct and proximate result of Defendants' violations, the rights of the Plaintiff and other hourly rate employees, under the law were violated, causing them to incur general damages in the form of unpaid wages and lost wages to which they were legally entitled.

52.     The Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiff and other hourly rate employees overtime pay due.

53.     Having been illegally deprived of the overtime pay and other wages to which they were legally entitled, Plaintiff, on his own behalf and on behalf others similarly situated, herein seek restitution of such wages pursuant to the Business and Professions Code §17203.

**COUNT SIX**

*Violation of California Labor Code Section 226*

*Inadequate Pay Statements*

54.     Plaintiff re-alleges and incorporates the allegation of paragraphs 1-53 as if fully stated herein.

55.     California Labor Code Section 226 provides that all employees shall provide to employees accurate and complete wage statements including, but not limited to an accurate and current statement of all rates paid for all regular and overtime hours worked during the pay period, a complete and itemized statement of deductions, net wages earned, the dates for which

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

payment is being made, any and all applicable piece rates, and the current address and name of the employer.

56. California Labor Code Section 226 further provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement thereafter.

57. During the course of Plaintiffs' employment, Defendants consistently failed to provide Plaintiffs with adequate pay statements as required by California Labor Code §226

58. Defendants failed to provide such adequate statements willingly and with full knowledge of their obligations under Section 226.

59. Defendants' failure to provide such adequate statements has caused injury to the Plaintiffs.

60. Plaintiffs are therefore legally entitled to recover actual damages caused by Defendants' failure to provide proper records, in an amount to be determined at trial

61. Plaintiffs have incurred costs and fees in bringing this action and seeks to recover such costs under California Labor Code §226.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants and demand as follows:

1. Award compensatory damages for unpaid overtime in amounts to be proven at trial to Plaintiff and other hourly employees;

2. Award liquidated damages equal to the overtime pay owed to Plaintiff and other hourly employees;

3. Award to Plaintiff and other hourly employees the meal period premium owed during last four years;

11                                                                                          Case No.

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**

4. Award to Plaintiff and other hourly employees the pre-judgment interest of 10% on the unpaid overtime compensation and unpaid meal period premium pursuant to California Labor Code §§ 1194(a) & 218.6.

5. Award the Plaintiff and other hourly employees the waiting time penalty damages of thirty days wages pursuant to California Labor Code Section 203 in amounts to be proven at trial;

6. Award Plaintiff and other hourly employees the restitution of unpaid overtime pay and other wages pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

7. Enter a permanent injunctive order against Defendants ensuring the compliance with the FLSA and California Labor Code and wage orders;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. Award Plaintiff the costs of suit herein.

10. Grant such other and further relief as the Court may deem appropriate.

Dated:  Dated August 6, 2008

By:  /s/ ADAM WANG            .
     Attorney for Plaintiff

12                                Case No.

**CLASS ACTION COMPLAINT**
**Gilbon, et al vs. Straits Santana LLC dba Straits Santana, et al**